## NAGEL *v.* MARTIN.

MUNICIPAL CORPORATIONS—DETROIT CHARTER—POWER OF ACTING
MAYOR TO REMOVE CONTROLLER.

Where the mayor of the city of Detroit was prevented
by illness from performing the duties of his office for
several months, the acting mayor, under the provisions
of the city charter (tit. 4, chap. 3, § 4), had all the
power conferred upon the mayor, and therefore had the
power (tit. 4, chap. 6, § 1), to remove the city controller
and appoint another to said office, and it is immaterial that
the mayor appeared at the office for a few moments and
requested the acting mayor not to remove said controller.[1]

Appeal from Wayne; Moynihan (Joseph A.), J.
Submitted October 9, 1924.     (Docket No. 55.)     De-
cided December 10, 1924.

Bill by William J. Nagel against Joseph A. Martin
and another to enjoin a removal of plaintiff from the
office of controller of the city of Detroit.     From an
order dissolving a temporary injunction, plaintiff ap-
peals.     Affirmed.

*Richard I. Lawson,* for plaintiff.

*George A. Kelly,* Corporation Counsel, for defendant.

WIEST, J.     April 26, 1924, plaintiff was controller
of the city of Detroit, holding office at the pleasure
of, and removable, without cause, by the mayor.     De-
troit Charter, tit. 4, chap. 6, § 1.     That day, defend-
ant Joseph A. Martin, acting mayor of the city, re-
moved plaintiff from office and appointed defendant
Richard W. Reading.     Plaintiff filed the bill herein to
enjoin his removal and entry to the office by Mr. Read-

---

[1] Municipal Corporations, 28 Cyc. p. 464 (1926 Anno).

On power of town or municipality to remove officer in ab-
sence of statutory authority, see notes in 9 L. R. A. (N. S.)
572; 39 L. R. A. (N. S.) 519.

ing, obtained a temporary injunction, which was dissolved upon the coming in of answer, and the case is here by appeal for hearing on bill and answer, both under oath.

January 8, 1924, defendant Martin, by reason of sickness of the mayor, became acting mayor, and has since performed all the duties of the office. Detroit Charter, tit. 4, chap. 3, § 4, provides:

"SECTION 4. In case of a vacancy in the office of mayor, or his inability to perform the duties of the office by reason of sickness, absence from the city, or other cause, the president of the common council shall be acting mayor, and in case, at the time, there shall be a vacancy in the office of the president of the common council, or he shall be unable to perform the duties of his office by reason of sickness, absence from the city, or other cause, the president *pro tempore* of the common council, shall be acting mayor. Such acting mayor shall be vested with all the powers, and shall perform all the duties of mayor until the vacancy or vacancies aforesaid be filled, or the mayor or president of the common council, as the case may be, shall resume his office. In case of vacancy in the office of mayor, the council shall order a special election to fill such vacancy for the residue of the term, unless it shall occur within six months before the time for holding the regular election, in which event, the council may in its discretion order such election."

We are asked by plaintiff to limit the powers of the acting mayor to a carrying out of the policies of the mayor, as it is claimed such a holding will prevent confusion, disruption and disorganization. The charter places no such limitation upon the powers of the acting mayor. The charter speaks in plain language and vests the acting mayor with all the powers of the mayor. There was no vacancy in the office of mayor to be filled by special election under order of the council. The mayor was unable to perform the duties of the office by reason of protracted

sickness, and, therefore, the charter provision became fully operative to meet the situation.

This case is not at all like *Cytacki* v. *Buscko,* 226 Mich. 524, for it presents none of the absurdity there apparent. There a mere temporary absence of the mayor of the city of Hamtramck was seized as an opportunity for ousting one of his appointees. A mayor may, by reason of sickness, be unable for one or several days to perform the duties of his office without bringing an acting mayor to the office. Common sense runs along with charter provisions and prevents absurd application thereof. In the case at bar defendant Martin has for many months performed all the duties of mayor.

Plaintiff claims the mayor appeared in the office April 25, 1924, and advised defendant Martin not to attempt to remove him. Defendant Martin denies any such instruction or advice. We do not deem the incident of any importance. Defendant was acting mayor and the official toga was not shifted by the momentary appearance of the mayor, who came from and returned to a hospital. This constituted no resumption of official duties by the mayor within the meaning of the charter provision. Under the charter and the admitted facts it must be held that the acting mayor was well within his powers in removing plaintiff and the injunction was properly dissolved.

The action of the circuit judge is affirmed, with costs to defendants.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.